

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  7/10/2023

**John S. Crain**
jcrain@wigdorlaw.com

July 5, 2023

<u>VIA ECF</u>
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

RE: <u>Mitura v. Finco Services et al.</u>; Civil Case No. 23 Civ. 02879

Your Honor,

We write respectfully on behalf of Plaintiff Isabelle Mitura in the above-referenced matter to request that Docket No. 24 remain sealed to protect information that was filed inadvertently. By way of brief background, due to a scrivener's error, the redlined Amended Complaint filed at Dkt. 24 used an un-filed version of the original complaint for comparison. This version contained information that the parties had previously agreed should not be included in the complaint, regarding the names of third parties and their compensation information. After the inadvertent filing, counsel for Plaintiff called the Clerk of Court and had Docket No. 24 temporarily sealed. Plaintiff now seeks leave, pursuant to this Court's order, to keep this document sealed. Defendants do not oppose this motion to seal and indeed requested that we take steps to remove the information from the docket.

As an inadvertent filing that will play no role in deciding the pending motions in this case, the redlined complaint is not truly a document related to "adjudication" to which a presumption of access attaches. <u>Joy v. North</u>, 692 F.2d 880, 893 (2d Cir. 1982); <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110, 122 (2d Cir. 2006) (applying <u>Joy</u>'s analysis of "judicial documents" to summary judgment papers). It is clearly only "tangentially related" to the litigation, at least at this stage. <u>Id</u>. Therefore, it is appropriate to seal the document to protect the privacy interests of the third parties. <u>See</u> <u>Oliver Wyman, Inc. v. Eielson</u>, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (courts must consider the "privacy interests of . . . third parties" in making a sealing decision) (quoting <u>United States v. Amodeo</u>, 71 F.3d 1044, 1050-51 (2d Cir. 1995)). While this issue may warrant renewed attention if and when the information is used for adjudication, for instance at summary judgment, the specific names and compensation amounts have no bearing on the Court's consideration of the Motion to Compel or Motion to Dismiss pursuant to 12(b)(6).

Sincerely,

John S. Crain

Application DENIED without prejudice to resubmit the request by email to Chambers by no later than **July 14, 2023**, with opposing counsel on copy, attaching a copy of docket entry 24 with highlights reflecting the portions that were erroneously included in the red-line copy and which the parties request to keep sealed.

SO ORDERED.

*[signature]*    Date: 7/10/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE