```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/18/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
ISABELLE MITURA,                                              :
                                                              :
                                  Plaintiff,                  :
                                                              :       23-CV-2879 (VEC)
                    -against-                                 :
                                                              :       OPINION
                                                              :
FINCO SERVICES, INC. d/b/a CURRENT,                           :
STUART SOPP, and ALEX SERGIYENKO, in                          :
their individual and professional capacities,                 :
                                                              :
                                  Defendants.                 :
-------------------------------------------------------------- X

VALERIE CAPRONI, District Judge:

By opinion dated January 22, 2024, the Court denied Defendants' motion to compel arbitration and granted their motion to dismiss the Amended Complaint in part and denied their motion in part. *See* Opinion & Order (the "Opinion"), Dkt. 42. Specifically, the Court granted Defendants' motion to dismiss Plaintiff's retaliation claims pursuant to Section 1981, 42 U.S.C. § 1981, the Equal Pay Act, 29 U.S.C. § 206 *et seq*. ("EPA"), the New York State Pay Equity Law, N.Y. Lab. Law § 194 *et seq*. ("NYSPEL"), the New York State Human Rights Law, N.Y. Executive Law § 290 *et seq*. ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8–101 *et seq*. ("NYCHRL"). Opinion at 24. Plaintiff moved for reconsideration, arguing that the Court misinterpreted controlling case law. Pl. Mot., Dkt. 45. Defendants opposed the motion. Defs. Opp., Dkt. 52. For the reasons set forth below, Plaintiff's motion is DENIED.

## DISCUSSION[1]

### I.     Legal Standard

The standard by which courts evaluate a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may be granted if the movant demonstrates "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation and internal quotation marks omitted); *see also Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 257 (S.D.N.Y. 2017) ("[A] party moving for reconsideration must set forth 'the matters or controlling decisions which counsel believes the Court has overlooked.'" (quoting Local Civil Rule 6.3)). Whether to grant a motion for reconsideration is a decision within "the sound discretion of the district court . . . ." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

A motion for reconsideration is not a party's "opportunity to put forward evidence that [s]he could have, but failed, to provide the Court when the Court initially considered the motion." *United States v. Posada*, 206 F. Supp. 3d 866, 868 (S.D.N.Y. 2016) (internal quotation omitted) (collecting cases). A motion for reconsideration "may not advance new facts, issues, or arguments not previously presented to the court." *Butler v. City Sch. Dist. of New Rochelle*, No. 19-cv-7395, 2020 WL 6639121, at *1 (S.D.N.Y. Nov. 12, 2020) (citing *Randell v. United States*, 64 F.3d 101, 109 (2d Cir. 1995)). This limitation ensures finality and "prevent[s] the practice of

---

[1]     The Court assumes familiarity with the facts as set forth in the Motion to Dismiss Opinion. *See* Motion to Dismiss Opinion, Dkt. 42.

a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Carolco Pictures Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988).

Additionally, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Schrader*, 70 F.3d at 257. "[N]ewly discovered evidence" can be a basis for reconsideration, but only if the evidence was not available prior to entry of the order at issue. *Marhone v. Cassel*, No. 16-CV-4733, 2021 WL 142278, at *2 (S.D.N.Y. Jan. 14, 2021). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999) (citation omitted).

## II. Retaliation Claims

Plaintiff argues that the Court's Opinion erroneously dismissed her retaliation claims. Pl. Mem. of Law at 1–2, Dkt. 46.

### A. Corporate Knowledge

Plaintiff argues that the Court overlooked Second Circuit precedent when it held that the retaliation claims had to be dismissed because the Amended Complaint failed to allege that Defendant Sergiyenko was aware of the protected activity, specifically a complaint Plaintiff made to an HR Manager. Plaintiff maintains that she did not need to establish an individual decisionmaker's knowledge of her protected activity but could rely on "general corporate knowledge" of the activity. Pl. Mem. of Law at 3 (citing *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 844 (2d Cir. 2013) (citation omitted)). The Amended Complaint alleged that Plaintiff complained to an HR Manager, and Plaintiff argues that allegation alone adequately alleged "general corporate knowledge" sufficient to state a claim of retaliation. *See id*. at 3–4.

3

Defendants contend that Plaintiff misinterprets the cases cited in her brief. *Zann Kwan* held that a plaintiff's complaint to "an *officer* of the corporation" was "sufficient to impute to [the corporation] general corporate knowledge," but Plaintiff complained to an HR Manager, whom she does not allege to be a corporate officer. Defs. Opp. at 4–5, Dkt. 52. Plaintiff's reply memorandum argues that there is no indication that the Second Circuit intended to define the term "officer" in *Zann Kwan* so narrowly to mean only employees who are actually corporate officers. Pl. Reply at 1–2, Dkt. 53. Even if it did, according to Plaintiff, it is plausible that an HR Manager could be an officer, and the Court must draw every inference in her favor. *See id*.

The law is clear that Plaintiff's complaint to an HR Manager, standing alone, is not sufficient to impute "general corporate knowledge" of her protected activity.[2] While it is true that a plaintiff need not allege that the particular individual who carried out an adverse action knew of the protected activity, the complaint must still allege facts sufficient for the Court to plausibly infer that the person who made the decision to take adverse action was "acting explicitly or implicit[ly] upon the orders of a superior who has the requisite knowledge." *Henry v. Wyeth Pharms., Inc.*, 616 F.3d 134, 148 (2d Cir. 2010) (citation omitted). The Amended Complaint did not allege that Sergiyenko was aware of Plaintiff's complaint to the HR Manager, nor did it allege that the HR Manager was Sergiyenko's superior or directed him to fire her.[3]

---

2   The arguments around corporate knowledge pertain to Plaintiff's Section 1981, NYSHRL, and NYCHRL claims, not to her EPA and NYSPEL claims; the Amended Complaint alleged that she complained about gender-based pay gaps directly to Sergiyenko. Am. Compl. ¶¶ 73–77, 80–85, Dkt. 23.

3   Plaintiff cites one case in which a court found that a complaint to HR was sufficient to impute knowledge to a corporation, *Murray v. United Parcels Serv., Inc.*, No. 20-cv-1427, 2022 WL 4468295 (E.D.N.Y. Sept. 25, 2022). Pl. Mem. of Law at 3–4. First, that court never discussed its rationale for concluding that the employee's complaint to HR could be imputed to the corporation. That said, in that case (which involved a number of plaintiffs) the plaintiff Mitura seems to be relying on had also made internal complaints via the company's 1800 hotline and had complained directly to upper management. *See* 2022 WL 4468295, at *16. That distinguishes his situation from Mitura's in which she complained only to an HR Manager.

4

Although the Court pointed out that the Amended Complaint fails to allege facts from which to infer that Sergiyenko was aware of Plaintiff's complaint to the HR Manager, the Opinion also made clear that was not the sole basis on which it was dismissing the retaliation claims.  Even if Sergiyenko were aware of Plaintiff's complaint, as discussed below, the Defendants' motion to dismiss the retaliation claims would still have been granted because Plaintiff did not adequately allege a causal connection between her protected activity and her subsequent termination.

### B. The Timing Inference

Plaintiff also argues that the Court disregarded controlling law when it held that a six month time gap between Plaintiff's protected activity and the adverse action is too great, standing alone, to give rise to an inference of causation.  Pl. Mem. of Law at 4.  Plaintiff claims that the Court ignored *Banks v. Gen. Motors, LLC*, 81 F.4th 242, 278 (2d Cir. 2023), in which the Second Circuit held that "six months . . . between [] filing [a] complaint" and an adverse action "fits within the range of time that we have held can support a reasonable inference of causation."[4]  *See id*.  The Amended Complaint alleged that Plaintiff complained about Sergiyenko's conduct in Spring 2022 and was terminated in January 2023, a gap of *at least* six months between protected activity and adverse action; as for Plaintiff's EPA and NYSPEL

---

[4] In her reply, Plaintiff claims that the Court in *Banks* held that any period of time up to eight months between protected activity and an adverse action falls "within the range of time that [the Court has] held can support a reasonable inference of causation." Pl. Reply at 4 (citing *Banks*, 81 F.4th at 278).  *Banks* did not declare such a rule.  The cited reference is to a parenthetical following a citation to *Grant v. Bethlehelm Steel Corp.*, 622 F.2d 43, 45-46 (2d Cir. 1980).  In *Grant*, there was a gap of about eight months between the defendant's knowledge of the plaintiff's protected activity and an adverse action.  In that case, however, the alleged retaliation occurred as soon as the plaintiff completed a long term job and returned to the Union's hiring hall.  Put differently, while the gap was eight months, the factual allegations tended to show that the defendant union retaliated against the plaintiff at its earliest opportunity to do so.

Plaintiff relies on that idea arguing that her theory is that, like in *Grant*, Sergiyenko retaliated against her at his first opportunity.  Plaintiff complains that the Court "declined to credit this theory." Pl. Mem. at 5.  The Court is and was aware that is her theory; but a complaint requires facts, not just theories.

retaliation claims, she alleged that she complained to Sergiyenko directly about gender-based pay disparities in January 2022 and again in early 2022, a gap between protected activity and adverse action of *more* than six months.  Opinion at 19–20.

The Court is not persuaded by Plaintiff's arguments regarding *Banks*.  The Second Circuit in *Banks* explicitly noted that the Court has "not drawn a bright line defining . . . the outer limits beyond which a temporal relationship is too attenuated to establish causation."  81 F.4th at 277.  Further, the Court held that in cases where temporal proximity is not the sole evidence on causation, the time lapse between the protected activity and an adverse action can be longer.  *See id*. at 277–78 (citing *Patane v. Clark*, 508 F.3d 106, 116 (2d Cir. 2007) (finding a one-year delay between protected activity and the adverse action sufficient to give rise to an inference of causation because causation was not solely alleged based on temporal proximity)).  In *Banks*, the plaintiff was not relying solely on temporal proximity.  The Court recognized that the plaintiff had "strong direct evidence" of the defendant's retaliatory intent, which "demonstrate[d] a specific link between a materially adverse action and the protected conduct."  *Id*. at 277.  Here, Plaintiff failed to proffer any facts suggesting that Sergiyenko terminated her out of retaliatory animus.  Instead, Plaintiff relies entirely on an inference of causation based on temporal proximity, and six months is just too long.

Because a motion for reconsideration is not "an occasion for repeating old arguments previously rejected[,]" *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005), *Banks* is not "an intervening change of controlling law,"[5] and Plaintiff has not argued "the availability of new evidence, or the need to correct a clear error or prevent manifest injustice[,]"

---

[5]   *Banks* was decided approximately four months prior to the Opinion.

6

*Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255 (internal quotation marks omitted), her motion for reconsideration is DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to close the open motion at Docket Entry 45.

**SO ORDERED.**

Date: **March 18, 2024**
         **New York, NY**

**VALERIE CAPRONI**
**United States District Judge**