```
USDC SDNY
DOCUMENT
ELECTRONICALLY  FILED
DOC #:_____
DATE FILED:   07/05/2024
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Isabelle Mitura,

                    Plaintiff,

          -against-

Finco Services, Inc. et al.,

                    Defendants.

**1:23-cv-02879 (VEC) (SDA)**

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a Letter Motion by Defendant Finco Services, Inc., d/b/a

Current ("Current") to quash a deposition subpoena served by Plaintiff Isabelle Mitura ("Plaintiff"

or "Mitura") on Jodi Golinsky, Esq. ("Golinsky"), Current's former General Counsel, and for a

protective order. (Defs.' 6/5/24 Mot., ECF Nos. 76/77.[1]) For the reasons set forth below, Current's

Letter Motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

Mitura, a woman of Korean descent, brought this action on April 6, 2023 against Current,

which was her former employer, Alex Sergiyenko ("Sergiyenko"), who was her supervisor, and

Stuart Sopp ("Sopp"), who was Current's Chief Executive Officer ("CEO"), for discrimination and

retaliation, among other claims, under federal, State and City law, alleging that during her

employment she was subjected to disparaging remarks by Sergiyenko and Sopp based on her

---

[1] A redacted version of Plaintiff's motion was publicly filed at ECF No. 76 and an unredacted version was
filed at ECF No. 77 under seal. In addition, the parties filed documents at ECF Nos. 81 and 85 under seal.
No later than July 15, 2024, the parties shall show cause why the portions of the documents filed at ECF
Nos. 77, 81 and 85 that have been redacted from ECF Nos. 76, 80 and 84 shall remain under seal, applying
the principles set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

gender, age, race and familial status, and that after she complained about harassment and gender-pay disparities, she was terminated under cover of a layoff. *See Mitura v. Finco Servs., Inc.*, No. 23-CV-02879 (VEC), 2024 WL 232323, at *2 (S.D.N.Y. Jan. 22, 2024), *reconsideration denied*, 2024 WL 1160643 (S.D.N.Y. Mar. 18, 2024).

In or about April 2024, Plaintiff served a deposition subpoena upon Golinsky. (*See* Subpoena, ECF No. 77-3, at 3-7.) Golinsky had been Current's General Counsel from September 9, 2021 through her resignation effective November 11, 2022. (Lichtenberg Decl., ECF No. 77-1, ¶ 3.) In her Amended Complaint, Plaintiff alleges that she and the Current's former General Counsel (*i.e.*, Golinsky) "were two of the only women in upper management" at Current and that Plaintiff "often confided in the General Counsel . . . about [Plaintiff's] experience" facing discriminatory conduct at Current.[2] (*See* Am. Compl., ECF No. 23, ¶ 67; *see also id*. ¶¶ 65-66.)

By its Letter Motion, Current moves to quash the deposition subpoena served upon Golinsky, arguing that "[i]f the Court permits Golinsky's deposition to go forward, she will undoubtedly use the opportunity to further harm Current by disclosing privileged information about Current." (Defs.' 6/5/24 Mot. at 2.) Current also argues that the documents sought from Golinsky in the subpoena, *i.e.*, documents related to the "culture" of and/or any "discrimination" at Current, that are "possessed by Current's former General Counsel . . . are privileged and should not be produced." (*Id*.)

In response to Current's motion to quash, Plaintiff offers certain concessions. Plaintiff agrees to limit Golinsky's deposition testimony and documentary evidence to the following

---

[2] A WhatsApp message supplied by Plaintiff to the Court reflects that Sergiyenko and Sopp were aware of the contact between Plaintiff and Golinsky. (*See* Pl.'s 6/27/24 Ltr., ECF No. 84.)

topics: (1) the discrimination Golinsky personally experienced; (2) the discrimination against other employees at Current that Golinsky may have witnessed, including reports and complaints she may have received informally and outside of her role as counsel; and (3) whether Current responded to employee complaints with effective investigations or other preventive actions. (Pl.'s 6/17/24 Resp., ECF Nos. 80/81, at 7.) In addition, Plaintiff "consents to Defendants taking initial possession of documents from Golinsky to check for privilege issues." (*Id*.)

## LEGAL STANDARDS

Rule 26 of the Federal Rules of Civil Procedure permits the parties to obtain discovery regarding any nonprivileged matter that is "relevant to a party's claim or defense and proportional to the needs of the case . . .." Fed. R. Civ. P. 26(b)(1).[3] One of the methods of discovery that is available is a deposition by oral examination. *See* Fed. R. Civ. P. 30.

Rule 30 provides that a party may depose "any person." Fed. R. Civ. P. 30(a)(1). "The provision of Rule 30(a) that 'any person' may be deposed includes even the attorney for a party." 7 *Moore's Federal Practice - Civil* § 30.03 (2024) (footnote omitted); *see also* 8A C. Wright, A. Miller, & M. Kane, *Fed. Prac. & Proc. Civ*. § 2102 (3d ed. 2024) ("The fact that the proposed deponent is an attorney, or even an attorney for a party to the suit, is not an absolute bar to taking his or her deposition, although it may be that the attorney-client privilege will provide a ground for refusal to answer some or all questions." (footnotes omitted)); *Rekor Sys., Inc. v. Loughlin*, No. 19-CV-07767 (LJL), 2022 WL 671908, at *2 (S.D.N.Y. Mar. 7, 2022) ("the status of

---

[3] Under Rule 26(c), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery . . . [or] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A), (D).

the deponent as a lawyer is not a 'talisman' the invocation of which can magically make a deposition subpoena disappear").

One of the leading cases regarding depositions of attorneys is *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986). In *Shelton*, the district court had entered a default judgment against the defendants as a sanction for their in-house counsel's refusal to answer deposition questions concerning the existence of certain documents. *Id*. at 1324. The district court held that the information sought was not protected by the work-product doctrine or the attorney-client privilege, and that counsel's refusals to respond warranted a default judgment on the issue of liability. *Id*. On appeal, the Eighth Circuit reversed. *Id*.

The Eighth Circuit held that "[b]ecause the information sought by the plaintiffs was protected as work product, . . . the imposition of default judgment was erroneous." *Shelton*, 805 F.2d at 1329. In its Opinion, the court was critical of the "practice of forcing trial counsel to testify as a witness." *Id*. at 1327. In a widely cited portion of the Opinion, the court stated:

> We do not hold that opposing trial counsel is absolutely immune from being deposed. We recognize that circumstances may arise in which the court should order the taking of opposing counsel's deposition. But those circumstances should be limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel . . .; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.

*Id*.

In a later case, *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726 (8th Cir. 2002), the Eighth Circuit explained that "[t]he *Shelton* test was intend[ed] to protect against the ills of deposing opposing counsel in a pending case which could potentially lead to the disclosure of the attorney's litigation strategy" and that "[b]ecause this abuse of the discovery process had

become an ever increasing practice, [the Eighth Circuit] erected the *Shelton* test as a barrier to

protect trial attorneys from these depositions." *Id*. at 730.

As noted in *Moore's Federal Practice*:

Following [*Pamida*], other courts have concluded that the *Shelton* test applies to limit depositions of attorneys in only two instances: (1) when trial or litigation counsel are being deposed; and (2) when the questioning would expose litigation strategy in the pending case. The *Shelton* test is not intended to shield attorneys who are employees of a defendant, and who have substantial non-litigation responsibilities, including corporate, business, managerial, public relations, advertising, scientific, and research and development responsibilities.

7 *Moore's Federal Practice - Civil* § 30.03 (footnotes omitted).

In an Opinion cited by both Plaintiff and Current, *In re Subpoena Issued to Dennis*

*Friedman*, 350 F.3d 65 (2d Cir. 2003), the Second Circuit noted its departure from the Eighth

Circuit's *Shelton* rule. In that case, then-Circuit Judge Sotomayor stated that the Second Circuit

had "never adopted the *Shelton* rule," noting that "*Shelton* . . . represent[ed] a departure from

the otherwise permissive deposition-discovery regime under the Federal Rules of Civil

Procedure." *Id*. at 70-71. Judge Sotomayor then set forth a "flexible approach" to addressing

lawyer depositions:

[T]he standards set forth in Rule 26 require a flexible approach to lawyer depositions whereby the judicial officer supervising discovery takes into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship. Such considerations may include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted.

*Id*. at 72.[4]

---

[4] "Because Friedman had consented to the deposition by the time the Second Circuit's decision was rendered, the appeal became moot and the Second Circuit's opinion [in *Friedman*] was dicta that the

**ANALYSIS**

Applying the flexible approach suggested by the Second Circuit in *Friedman*, and considering the relevant facts and circumstances,[5] the Court finds that the deposition of Golinsky shall proceed in a limited manner, and will not entail an inappropriate burden or hardship on Current. Specifically, Plaintiff may examine Golinsky solely with respect to two of the three topics that Plaintiff is seeking, *i.e.*, (1) the discrimination Golinsky personally experienced; and (2) the discrimination against other employees at Current that Golinsky may have witnessed, including reports and complaints she may have received informally and outside of her role as counsel, and with respect to a modified version of the third topic, as discussed below.

The first two topics concern non-privileged matters within Golinsky's knowledge, outside her former role as General Counsel. However, the Court will not permit Plaintiff's third topic as written – *i.e.*, whether Current responded to employee complaints with effective investigations or other preventive actions – since that topic implicates Golinsky's former role as General Counsel. Plaintiff argues that Current has waived privilege with respect to this topic by asserting an affirmative defense that Current had effective antidiscrimination policies – the so-called *Faragher/Ellerth* defense.[6] (Pl.'s 6/17/24 Resp. at 6.) The Court agrees with Current that its waiver

---

Circuit hoped would 'serve the useful purpose of cautioning about the limits of [its] prior rulings on a frequently litigated issue and perhaps avoid some needless appeals.'" *Brunckhorst v. Bischoff*, No. 21-CV-04362 (JPC), 2023 WL 3090950, at *2 (S.D.N.Y. Apr. 26, 2023) (quoting *Friedman*, 350 F.3d at 72 n.4).

[5] The Court does not find the cases cited by Current (*see* Defs.' 6/5/24 Mot. at 5-7; Defs.' 7/3/24 Reply, ECF No. 86, at 3 n.4) to be persuasive, inasmuch as the facts and circumstances in this case are *sui generis*.

[6] This defense to a hostile work environment claim requires that (1) the employer exercised reasonable care to prevent and correct promptly any discriminatory harassing behavior, and (2) the plaintiff-employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998), and *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 766 (1998). Current appears to assert the

of privilege here relates only to Current's investigation of Plaintiff's complaint, not prior investigations of any other employee's complaints.[7] (*See* Defs.' 7/3/24 Reply at 9-10 (citing cases).)

Current states in its reply memorandum that "Golinsky was not involved in any investigations of Plaintiff's allegations." (Defs.' 7/3/24 Reply at 9.) If that is correct, then topic 3 is off limits. However, given that Golinsky was General Counsel of Current during part of the time of Plaintiff's employment, Plaintiff's counsel may inquire of Golinsky whether she was involved in any investigations of Plaintiff's allegations. If Golinsky was so involved, then Plaintiff's counsel may further inquire about how Current investigated Plaintiff's allegations, as well as any preventive or corrective actions taken.

The *Friedman* factors support allowing Golinsky's deposition to proceed in the manner set forth above. First, there is a need to depose Golinsky. Golinsky is a witness with knowledge relevant to Plaintiff's claims and only Golinsky has personal knowledge of what she herself observed. Second, with respect to her role, Golinsky is not and was not trial counsel for Current and never was an in-house lawyer responsible for this litigation. Thus, the "ills" with which the *Shelton* court was concerned are not present here. Third, with respect to the first two topics as to which the Court is permitting Golinsky's deposition to proceed, there is a minimal risk of encountering privilege and work-product issues.[8] With respect to the third topic, the Court only

---

Faragher/Ellerth defense in its Fourth Separate Defense (Defs.' Answer, ECF No. 44, at PDF pp. 20), and Current acknowledges that it asserted such defense. (*See* Defs.' 7/3/24 Reply at 9-10.)

[7] As Current notes in its reply memorandum, the cases cited by Plaintiff (*see* Pl.'s 6/17/24 Resp. at 6) are not to the contrary. (Defs.' 7/3/24 Reply at 10 n.7.)

[8] In its Letter Motion, Current argues that Golinsky already has shared certain privileged information about Current with Plaintiff on numerous occasions and asserts that "[i]f the Court permits Golinsky's deposition to go forward, she will undoubtedly use the opportunity to further harm Current by disclosing privileged

is permitting inquiry regarding whether Current may have waived privilege and, if so, inquiry regarding the waived subject matter. The Court finds that the fourth factor (*i.e.*, the extent of discovery already conducted) is not germane, since as set forth above, there is a need for Golinsky's deposition to be taken.

With respect to documents to be produced by Golinsky, to avoid any privilege issues, Defendants' counsel shall take initial possession of such documents to review them for privilege. After such review has occurred, Defendants' counsel shall transmit non-privileged documents (or portions thereof) to Plaintiff's counsel, along with a log of any privileged documents and/or information withheld, in accordance with Federal Rule of Civil Procedure 26(b)(5) and Local Civil Rule 26.2.

### CONCLUSION

For the foregoing reasons, Current's Letter Motion is GRANTED IN PART and DENIED IN PART. Plaintiff may examine Golinsky with respect to two topics: (1) the discrimination Golinsky personally experienced; and (2) the discrimination against other employees at Current that Golinsky may have witnessed, including reports and complaints she may have received informally and outside of her role as counsel. In addition, Plaintiff's counsel may inquire of Golinsky whether she was involved in any investigations of Plaintiff's allegations and, if so, how Current investigated Plaintiff's allegations, as well as any preventive or corrective actions taken.

---

information about Current." (Defs.' 6/5/24 Mot. at 1-2.) As noted in the text above, given the limited topics about which the Court is permitting Golinsky to testify, there is a minimal risk of encountering privilege and work product issues. In any event, Current's counsel will be present at Golinsky's deposition and can assert privilege on behalf of Current, as needed.

With respect to production of documents by Golinsky pursuant to the subpoena, Defendants' counsel shall take initial possession of such documents in accordance with the procedure set forth above.

As set forth in footnote 1 above, no later than July 15, 2024, the parties shall show cause why the portions of the documents filed at ECF Nos. 77, 81 and 85 that have been redacted from ECF Nos. 76, 80 and 84 shall remain under seal.

**SO ORDERED.**

Dated:      New York, New York
         July 5, 2024

_____
STEWART D. AARON
United States Magistrate Judge

9