```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/11/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Isabelle Mitura,

                Plaintiff,

-against-

Finco Services, Inc. et al.,

                Defendants.

1:23-cv-02879 (VEC) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a discovery dispute between Plaintiff Isabelle Mitura ("Plaintiff" or "Mitura") and Finco Services, Inc., d/b/a Current ("Current"), Stuart Sopp ("Sopp") and Alex Sergiyenko ("Sergiyenko") (collectively, "Defendants") regarding Plaintiff's refusal to produce communications with non-party witness Isabelle Berner ("Berner"), which involved the drafting of a Declaration. (*See* 9/6/24 Joint Letter, ECF No. 105, at 3; *see also* Defs.' 8/27/24 Ltr., ECF No. 101.) For the reasons set forth below, this dispute is resolved in favor of Plaintiff.

**BACKGROUND**

Mitura, a woman of Korean descent, brought this action on April 6, 2023 against Current, which was her former employer; Sopp, who was Current's Chief Executive Officer; and Sergiyenko, who was her supervisor, for discrimination and retaliation, among other claims, under federal, State and City law, alleging that during her employment she was subjected to disparaging remarks by Sergiyenko and Sopp based on her gender, age, race and familial status, and that after she complained about harassment and gender-pay disparities, she was terminated under cover of a layoff. *See Mitura v. Finco Servs., Inc.*, No. 23-CV-02879 (VEC), 2024 WL 232323, at *2 (S.D.N.Y. Jan. 22, 2024), *reconsideration denied*, 2024 WL 1160643 (S.D.N.Y. Mar. 18, 2024).

On July 18, 2024, Berner executed a Declaration that recounts her experience working as a Product Manager at Current from August 2015 until May 2016. (Berner Decl., ECF No. 112-1.) On July 18, 2024, the Berner Declaration was produced by Plaintiff to Defendants. (Pl.'s 9/11/24 Ltr., ECF No. 112.) Defendants now seek to have Plaintiff produce all communications and documents, including draft affidavits (or, presumably, draft declarations), between Plaintiff (or anyone acting on Plaintiff's behalf, including her attorneys) and Berner.[1] (9/6/24 Joint Letter at 3.) Plaintiff resists production, arguing that the "communications are clearly privileged work product not subject to discovery." (*Id*.)

On September 7, 2024, the Court entered an Order requiring Plaintiff to transmit to the Court, for the Court's *in camera* review, the communications with Berner, as well as any affidavit executed by her. (9/7/24 Order, ECF No. 106.) On September 10, 2024, Plaintiff's counsel transmitted to the Court Berner's July 18, 2024 Declaration, as well as draft versions of her Declaration and communications with her about the Declaration. (Pl.'s 9/10/24 Ltr., ECF No. 111-1.)

**LEGAL STANDARDS**

"Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3). "But, subject to Rule 26(b)(4)," which concerns opinion work product, relevant work product "may be discovered if . . . the party [seeking discovery] shows that it has substantial need for the

---

[1] Plaintiff's counsel represents that he has produced all communications with witnesses except those with Berner. (9/6/24 Joint Letter at 3.)

2

materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(ii). "The party withholding a document on the basis of . . . the work product doctrine bears the burden of establishing facts to demonstrate applicability of the protective rule." *Urthtech LLC v. Gojo Indus., Inc.*, No. 22-CV-06727 (PKC) (KHP), 2024 WL 3898179, at *4 (S.D.N.Y. Aug. 22, 2024) (citing *In re Grand Jury Subpoena Dated Jan. 4, 1984*, 750 F.2d 223, 224-25 (2d Cir. 1984)).

An attorney's drafts of an affidavit or declaration are "classic work product." *Pipeline Prods., Inc. v. Madison Companies, LLC*, No. 15-CV-04890 (KHV) (ADM), 2019 WL 3973955, at *5 (D. Kan. Aug. 22, 2019). Such drafts that are not "adopted or executed by the non-party witness, do not lose their character as work product because a final executed version has been affirmatively used in the litigation." *Inst. for Dev. of Earth Awareness v. People for Ethical Treatment of Animals*, 272 F.R.D. 124, 125 (S.D.N.Y. 2011) (hereinafter "*PETA*"); *see also Am. Oversight v. United States Dep't of Just.*, 45 F.4th 579, 592 (2d Cir. 2022) (favorably citing *PETA*, 272 F.R.D. at 125); *Carpenter v. Churchville Greene Homeowner's Ass'n*, No. 09-CV-6552T (MAT) (MWP), 2011 WL 4711961, at *9 (W.D.N.Y. Sept. 29, 2011*), report and recommendation adopted*, 2011 WL 6012539 (W.D.N.Y. Dec. 1, 2011) ("draft affidavits of non-party witnesses . . . deserve work product protection" (citing, *inter alia*, *PETA*, 272 F.R.D. at 125)); 6 *Moore's Federal Practice - Civil* § 26.70 (2024) ("Although sworn witness statements and affidavits are not considered to be work product, draft affidavits are typically covered by the work product doctrine." (footnote omitted)).

"[T]he work product protection generally extends to an attorney's communications with a third party witness relating to the party's completion of the affidavit." *Sec. Inv. Prot. Corp. v.*

*Bernard L. Madoff Inv. Sec. LLC*, No. 08- AP-01789 (SMB), 2017 WL 4685525, at *5 (Bankr. S.D.N.Y. Oct. 17, 2017) (citing cases); *see also* 8A C. Wright, A. Miller & M. Kane, *Fed. Prac. & Proc. Civ*. § 2024 n.23 (3d ed. 2024) ("Recent cases have generally held that draft affidavits, and communications with counsel relating to affidavits, are covered by the work–product rule." (citation omitted)).

## ANALYSIS

The Court has conducted an *in camera* review of the draft versions of Berner's July 18, 2024 Declaration and communications between Plaintiff's counsel and Berner about the Declaration. The Court finds that Plaintiff has met her burden to show that these documents are covered by the work product doctrine. *See PETA*, 272 F.R.D. at 125. In addition, Defendants have made no showing that they have a substantial need for the documents in question to prepare their case and/or that they could not, without undue hardship, obtain the substantial equivalent of the information contained in such documents by other means. *See* Fed. R. Civ. P. 26(b)(3)(ii). Accordingly, the documents are protected from discovery.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff need not produce the communications with Berner or drafts of her Declaration because they are protected by the work product doctrine.

**SO ORDERED.**

Dated:   New York, New York
         September 11, 2024

_____
STEWART D. AARON
United States Magistrate Judge